**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**CHEN & JU, INC.,**
      **Debtor-Appellant,**

 vs.             **1:18-cv-1005 (MAD) LEAD
                  1:18-cv-1007(MAD) Member**

**ZHANG, et al.,**
      **Appellees.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **MANN LAW FIRM, PC**<br>426 Troy Schenectady Road<br>Latham, New York 12110<br>Attorneys for the Debtor-<br>Appellant | **STEPHAN R. WEISS, ESQ.** |
| **TROY LAW**<br>41-25 Kissena Blvd.<br>Flushing, New York 11355<br>Attorney for Appellee | **JOHN TROY, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Corporate Debtor Chen & Ju, Inc. filed for bankruptcy under chapter 7 in a no-asset liquidation on June 29, 2018. Debtor appeals from the judgment of the bankruptcy court granting relief from the automatic stay and denying Debtor's motion for sanctions against Appellee. The underlying chapter 7 case has since closed.

### II. BACKGROUND

On July 1, 2018, counsel for Appellee served responses to discovery demands, and on July 2, 2018, sent emails proposing dates and times for depositions. On July 26, 2018, the Court

issued a Memorandum-Decision and Order in *Zhang v. Ichiban Group, LLC*, No. 1:17-cv-148 noting that the automatic stay imposed by 11 U.S.C. § 362 applies to Defendant Chen & Ju, Inc., only. On the same day, Appellees filed an amended complaint. *See Zhang*, 1:17-cv-148, Dkt. No. 66. This Court imposed a stay on all parties in that matter pending resolution of this appeal for purposes of judicial economy and to avoid piecemeal litigation.

### III. DISCUSSION

In reviewing the judgment of a bankruptcy court, a district court reviews findings of fact for clear error and conclusions of law *de novo*. *See In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003). A bankruptcy court's determination is "clearly erroneous when, on consideration of the record as a whole, the court is left with the definite and firm conviction that a mistake has been committed." *Hilton v. Wells Fargo Bank, N.A.*, 539 B.R. 10, 15 (N.D.N.Y. 2015) (citing *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001) (further citations omitted)).

A bankruptcy court's "decision to lift the stay may be overturned only for abuse of discretion." *In re Bogdanovich*, 292 F.3d 104, 109 (2d Cir. 2002). The Second Circuit set forth the factors considered when lifting a stay in *In re Sonnax Indus.*, 907 F.2d 1280, 1286 (2d Cir. 1990). The factors deal generally with whether particular claims are best litigated in another forum, or whether litigation elsewhere would prejudice creditors in the bankruptcy case. *See id.*

In the present matter, the bankruptcy court discussed extensively on the record that the chapter 7 case was a no-asset case and that the only creditors to the Debtor were Plaintiffs in the matter before this Court. *See* Dkt. No. 9-1 at 72. No purpose is served by continuing the automatic stay when *all* claims between the Debtor and *all* of its creditors will be finally resolved before this Court and would be dispositive of all bankruptcy claims. *See In re Bogdanovich*, 292

F.3d at 113 (finding that lifting automatic stay would be justified where litigation would resolve issues in adversary proceeding completely and with "some certainty").

The bankruptcy court lifted the stay finding that the filing for chapter 7 protections was a pure litigation tactic aimed at buying time in the matter proceeding before this Court. There were no assets to distribute, and no creditors other than the parties before this Court. The bankruptcy court concluded that because there was no discharge, no fresh start, and no other creditors to prejudice, the factual issues raised by the parties in opposition to the stay were more appropriately litigated in their entirety in the matter proceeding before this Court. *Id.* The Court is in complete agreement.

The Debtor argues that on the issues of mootness and standing, the bankruptcy court granted relief without a meaningful hearing on the merits. *See* Dkt. No. 9 at 9. These arguments are entirely meritless, and given the resolution of the bankruptcy case, moot. Contrary to the Debtor's position, the wage-and-hour claim is central not to the bankruptcy, but to the matter before this Court. The bankruptcy court had a hearing and discussed—at length—whether the issue was properly before it or this Court and rightly concluded that the matter should proceed here. The bankruptcy court clearly did not abuse its discretion in granting relief from the automatic stay. Further, the bankruptcy court committed no error with respect to the Debtor's "objection" to Appellee's claim. There were no assets. Debtor's "objection" was an assertion of a defense on the merits of the case before *this* Court and is thus properly litigated here.

As the bankruptcy court noted, there very well may have been a technical violation of the automatic stay by filing an amended complaint requiring an answer. But the Court notes that the amended complaint was not only against the Debtor and that the Court had ordered, *before* imposing a stay on the non-debtor defendants, that the amended complaint be filed. *See Zhang*,

3

1:17-cv-148, Dkt. No. 65. There is no reason to impose sanctions for a no-harm violation that was not obviously in bad faith, and which was a reasonable interpretation of what this Court had required of the parties. This appeal is simply another in a series of repeated attempts by counsel for both parties to seek sanctions against the other. The Court will not oblige.

## IV. CONCLUSION

Parties are reminded that upon disposition of this appeal, the stay in *Zhang*, No. 1:17-cv-148 is lifted without further action of the Court. Upon consideration of the record on appeal, the applicable law, and the parties' submissions, the Court hereby

**ORDERS** that the judgment of the bankruptcy court is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 20, 2019
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge